**UNITED STATES**

v.

**Staff Sergeant Frank J. HAZZARD, FR 086–36–2572 Headquarters, 15th Air Base Wing 15th Air Base Wing (PACAF).**

**ACM 21928.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 23 June 1975.

Decided 16 Jan. 1976.

Appearances: Appellate counsel for the Accused: Colonel Jerry E. Conner and Captain Rex L. Fuller III.

Appellate counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Alvin E. Schlechter.

## DECISION

PER CURIAM:

In consonance with his pleas, the accused was convicted of larceny, wrongful appropriation and negligently suffering the wrongful disposition of military property of the United States. The approved sentence extends to bad conduct discharge, confinement at hard labor for eight months, forfeiture of $250.00 per month for five months and reduction in grade to airman first class.

Initially, appellate defense counsel have invited our attention to an issue raised by counsel for the accused. In our opinion, however, the error asserted was adequately treated in the staff judge advocate's post-trial review and was correctly resolved therein against the accused. Accordingly, further discussion thereof is unnecessary.

In addition, appellate defense counsel have assigned an error wherein they assert that the accused's pleas of guilty were improvident because the military judge did not discuss the terms of a pretrial agreement between the accused and the convening authority.

■ We agree, of course, that the accused's understanding of such agreement should have been ascertained by the military judge during his inquiry into the accused's guilt-in-fact. *United States v. Avery*, 50 C.M.R. 827 (A.F.C.M.R. 1975), affirmed, 23 U.S.C.M.A. 723 (1975). However, the military judge was not responsible for the omission since neither counsel advised him that such an agreement existed; and when asked whether anyone had made any promises to him concerning the sentence, the accused responded, "No, sir." *

■ Nevertheless, notwithstanding our finding that the pretrial agreement should have been discussed for the purpose of ascertaining the accused's complete understanding thereof, we perceive no possibility of prejudice to the accused. Of significance to us is the absence of any contention that the accused did not understand the terms of the agreement and the strong evidence in extenuation and mitigation that was "vigorously and forcefully presented" by the accused's counsel. *United States v. Avery*, supra. Therefore, we find no reason for disturbing the findings and sentence imposed and approved below. *United States v. Avery*, supra.

The findings of guilty and the sentence are affirmed.

---

\* The responsibility for failing to inform the military judge of the pretrial agreement must be shared equally by trial and defense counsel since "all parties" to a trial have "a duty to maintain the integrity of the judicial system." See *United States v. Johnson*, 23 U.S.C.M.A. 416, 50 C.M.R. 320, 321, 1 M.J. 36, 38 (1975); *United States v. Avery*, supra.